104 F.3d 355
 73 Fair Empl.Prac.Cas. (BNA) 192
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Patricia COSGROVE, Plaintiff-Appellant,
v.
SEARS, ROEBUCK AND CO., Defendant-Appellee.
 No. 95-9252.
 United States Court of Appeals, Second Circuit.
 Dec. 10, 1996.
 
 Appeal from the United States District Court for the Southern District of New York.
 APPEARING FOR APPELLANT: PATRICIA COSGROVE, PRO SE, NEW YORK, NEW YORK
 APPEARING FOR APPELLEE: PAMELA S. HOROWITZ, WASHINGTON D.C.
 S.D.N.Y.
 AFFIRMED.
 Before CARDAMONE and WALKER, Circuit Judges, and RESTANI,* Judge.
 SUMMARY ORDER
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Schwartz, J.), and was argued.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Patricia Cosgrove, pro se, appeals from a judgment of the district court ordering back pay and prejudgment interest on her retaliatory discharge claim.
 
 
 3
 In 1981, Cosgrove filed a complaint alleging, inter alia, that appellee Sears, Roebuck & Co. retaliated against her, and eventually fired her, for filing a complaint with the Equal Employment Opportunity Commission, in violation of 42 U.S.C. § 2000e-2(a)(1). Following a bench trial, the district court found on September 11, 1991, that Cosgrove had failed to prove any of her claims and dismissed her complaint. See Cosgrove v. Sears, Roebuck & Co., No. 81 Civ. 3482, 1992 WL 8718 (S.D.N.Y. January 10, 1992). Cosgrove appealed.
 
 
 4
 This court affirmed the district court's judgment dismissing Cosgrove's claims of gender discrimination, sexual harassment, and post-termination retaliation and reversed the district court's judgment regarding Cosgrove's retaliatory discharge claim. Cosgrove v. Sears, Roebuck and Co., 9 F.3d 1033, 1042 (2d Cir.1993). The court concluded that Cosgrove was "entitled to remedial relief for the period between when she was discharged based upon the discriminatory factor, and when she would have been discharged based upon her performance alone." Id. at 1041. The court remanded for a calculation of her damages.
 
 
 5
 On April 6, 1995, the district court conducted an evidentiary hearing for the purpose of determining the proper measure of damages. Reaching a conclusion based upon the evidentiary record before it, the district court awarded Cosgrove $4,550 plus pre-judgment interest at an annual rate of 9%. Cosgrove now appeals this damage award.
 
 
 6
 Cosgrove bases her appeal on the following arguments. First, the district court committed clear error by relying on Sears's computerized evaluation that she now claims to be fraudulent. Second, the district court committed clear error by relying on a witness, Elmer Brumfield, that she claims is not credible.
 
 
 7
 Cosgrove's attempt to overturn the district court's findings of fact lack merit. "[W]hen the district court is sitting as a factfinder, as for example when computing the measure of money damages, we will reverse the computation only if clearly erroneous." Sands v. Runyon, 28 F.3d 1323, 1327 (2d Cir.1994); see also Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985)(requiring appellate courts to uphold a district court's findings of fact if the findings are plausible in light of the entire record). In addition, to the extent that the district court's findings are based on its assessments of the credibility of the witnesses, these finding are entitled to even greater deference. Anderson, 470 U.S. at 575.
 
 
 8
 In the present case, the district court did not commit clear error by relying on the computerized evaluation. During the original trial, Cosgrove's own attorney entered the evaluation into evidence. Moreover, during the April 6, 1995 damages hearing, Judge Schwartz specifically told counsel that he would be relying upon evidence admitted in the first trial. Neither side objected to this. In light of the record, the district court's finding based upon the evaluation was not clear error and is therefore upheld. See id. at 573.
 
 
 9
 Cosgrove's second claim lacks merit as well. Judge Schwartz did not commit clear error in his credibility determination. Cosgrove's assertions that Brumfield lied are not enough for this court to overturn Judge Schwartz's finding that Brumfield was credible.
 
 
 10
 We have considered all of petitioner's contentions on this appeal and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Jane A. Restani of the United States Court of International Trade, sitting by designation